UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

FILED BY _____ D.C.

**SEP 3 0 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

NATALIE WHITE, suri juris
*Plaintiff,*

v.

II DELWOOD WEST CONDOMINIUM ASSOCIATION, INC., JUDGE JOHN HURLEY,
IGNA ALEXEEV, BRENDA D. FORMAN, NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING, YOUSSEF DIAB, and the STATE OF FLORIDA,
*Defendants.*

Related Cases: Lower Court Case No.: CONO-24-010140 (County Court) and CACE-24-007339
(Circuit Court, 17th Judicial Circuit in and for Broward County, Florida)

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
ARTICLE III UNITED STATES DISTRICT JUDGE RODEY SMITH REQUESTED
JURY TRIAL DEMANDED**

_____/

## I. INTRODUCTION

Plaintiff Natalie White, ("Plaintiff"), brings this action under 42 U.S.C. § 1983 to redress
the deprivation of rights guaranteed under the United States Constitution of America.

## II. STATEMENT OF THE CLAIM

This action seeks redress under 42 U.S.C. § 1983 for violations of Plaintiff's
constitutional rights arising from two conflicting foreclosure proceedings involving the
same property. Plaintiff alleges that government officials and private actors, acting jointly
and/or under color of law, engaged in conduct that denied her procedural due process,
access to the courts, and fair notice. She seeks injunctive and declaratory relief,
compensatory damages, and equitable relief to restore her property rights and prevent
further constitutional harm.

Plaintiff was deprived of due process in two overlapping state foreclosure proceedings
initiated by both a condominium association and a mortgage servicer who have
simultaneously asserted inconsistent legal claims over the same property.

The acts and omissions of the Defendants, acting under color of law or in concert with
state actors, directly resulted in the unlawful sale of Plaintiff's private property and
deprivation of property interest in her condominium unit.

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).
2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Broward County, Florida.

## IV. PARTIES

3. Plaintiff, Natalie White, in her individual capacity who resides in Broward County, Florida.
4. Defendant II Delwood West Condominium Association, Inc. is a Florida nonprofit association and acted jointly with court officers to deprive Plaintiff of her constitutional rights.
5. Defendant Igna Alexeev, in her individual capacity, was the judicial assistant responsible for coordinating hearings in the case but failed to perform her duty, contributing to the deprivation of due process.
6. Defendant John Hurley is a judge in the 17th Judicial Circuit Court in and for Broward County, Florida, and is sued in official capacity to void judgement and in his individual capacity for actions allegedly taken outside the scope of judicial immunity. The Court never proved they had jurisdiction making all actions and judgements null and void.
7. Defendant NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING is a mortgage servicing company that initiated a concurrent foreclosure action against the same property despite failing to produce the original promissory note and mortgage agreement, and is named herein for depriving Plaintiff of constitutional due process and fair notice.
8. Defendant Brenda D. Forman, in her individual capacity as Clerk of the Courts for the 17th Judicial Circuit, Broward County, Florida. Defendant Forman is responsible for ensuring court records are processed accurately and promptly. She is being sued in her individual capacity for actions taken outside the scope of her official duties that violated Plaintiff's rights.
9. Defendant Youssef Diab, an individual residing in Orlando, FL, who purchased Plaintiff's private property located in Davie, FL at a foreclosure auction held on May 23, 2025. Plaintiff seeks declaratory and injunctive relief against Defendant Diab to void the Certificate of Title issued pursuant to an unlawful and Unconstitutional foreclosure process.
10. Defendant the State of Florida. Plaintiff names the State of Florida solely for the purpose of seeking injunctive and declaratory relief to remedy ongoing violations of her constitutional rights. Plaintiff does not seek any monetary damages from the State of Florida at this time at this time.

## V. FACTUAL ALLEGATIONS

**Allegations Specific to II Delwood West Condominium Association, Inc.**

11. Plaintiff was the defendant in a foreclosure action brought by II Delwood West Condominium Association, Inc., in the Small Claims Division of County Court. (County Court Case No. CONO-24-010140) *(See Exhibit A)*
12. Association filed its complaint on March 13, 2024, seeking less than $8,000, and the case proceeded under small claims rules.
13. On August 5, 2024, the Plaintiff filed a Motion to Dismiss with Prejudice due to Lack of Subject Matter Jurisdiction and on August 27, 2024 the motion was denied without providing a reason. *(See Exhibit B)*
14. The Judge nor the Defendant never conducted an evidentiary hearing or provided proof showing the Court had jurisdiction over this matter. *(See Exhibit C)*
15. At the hearing on November 7, 2024, the Court granted summary judgment to II Delwood West Condominium Association, Inc., despite never resolving Plaintiff's challenge to subject matter jurisdiction, objections or factual disputes.
16. Plaintiff, pro se, filed several timely motions in opposition to summary judgment, including a motion to amend her answer that included genuine issues of material fact, and a motion objecting to the Associations motion for summary judgment which were all filed more than 29 days prior to the scheduled final hearing.
17. In previous filings, Plaintiff's motions were scheduled for a hearing only after the Defendants attorney, David Klein, directly contacted her to arrange hearing dates either by phone or email. In this instance, the Defendants attorney intentionally failed to do so, thereby preventing Plaintiff's motions from being heard and giving him an unfair advantage in the case. *(See Exhibit D)*
18. Following the judgement, the association repeatedly moved to reset foreclosure auction sale due to failed auction or clerical errors.
19. Prior to the third scheduled auction, the total amount enforced exceeded the $8,000 statutory cap for small claims jurisdiction, resulting in a payout of $14,560.00 *(See Exhibit E)*
20. Plaintiff contends that continuing to enforce and execute judgement in excess of the statutory jurisdictional limit rendered the proceedings unlawful. *(See Exhibit F)*
21. Plaintiff further alleges that the claim of lien recorded January 3, 2024 was defective or expired during the pendency of litigation, yet the Association continued to pursue enforcement and sale in violation of Florida Statutes. *(See Exhibit G)*
22. According to Florida Statute 718.116(6)(a) it states a condominium association may foreclose on a lien in the same manner as a mortgage of real property in Circuit Court.
23. After repeatedly siting Florida Statue 718.116 in the initially complaint against the Plaintiff the Association was well aware that this was not the proper Court to bring a foreclosure action.
24. These actions deprived Plaintiff of due process, access to the courts, caused financial harm, and resulted in the unlawful sale of the Plaintiff's private property.

**Allegations Specific to, Judge John Hurley and Inga Alexeev the Judicial Assistant**

25. Plaintiff alleges that Judge John Hurley knowingly allowed the case to proceed as a foreclosure action in small claims court, granting judgement and allowing enforcement of amounts beyond the small claims jurisdictional cap, acting outside the lawful scope of his authority.

26. By permitting foreclosure relief in a forum restricted to simplified money claims, the Court acted outside the statutory and constitutional bounds of its subject matter jurisdiction.

27. This was not a mere error or an act in excess of authority, it was a clear absence of jurisdiction, because foreclosure proceedings are exclusively within the authority of circuit court but not within the small claims division of county country.

28. The orders entered under these circumstances were void and unenforceable as a matter of law.

29. Plaintiff filed multiple motions, including challenges to subject matter jurisdiction, objections to summary judgement, and amended answer with genuine issues of material fact.

30. These motions were filed more than 29 days prior to the final hearing but were never scheduled or set for hearing.

31. A status hearing was set for October 1, 2024 but the judicial assistant nor the Defendants attorney (II Delwood West Condo Assc) contacted Plaintiff to schedule this hearing, resulting in Plaintiff missing the hearing.

32. Plaintiff relied on the judicial assistant, Defendant Inga Alexeev, to coordinate hearing dates, but she failed to act resulting in Plaintiff's motions being ignored. *(See Exhibit H)*

33. During the small claims foreclosure proceedings. Judge John Hurley permitted the attorney for II Delwood West Condominium Association, Inc. to draft proposed orders on behalf of the Court.

34. These proposed orders were written in language favorable to the Association and prejudiced Plaintiff's appellate rights, including legal conclusions and verbiage not announced on the record during hearings.

35. Plaintiff contends that this outcome was the result of a concerted effort by attorney, court staff, and the Judge to ignore the judicial process and deprived Plaintiff of her right to due process to fast-track a illegitimate foreclosure proceeding.

**Allegations Specific to NEWREZ LLC D/B/A Shellpoint Mortgage Servicing**

36. Newrez initiated a separate foreclosure action against Plaintiff on June 4, 2024 in Broward County Circuit Court under Case No. CACE-24-007339. Currently pending.

37. Defendant Newrez allegedly has the original promissory note per the certified Possession of Certificate filed along with the complaint. *(See Exhibit I)*

38. On April 7, 2025, the Plaintiff requested that the Defendant produce some documents to include the original promissory note, allonge, and original or authenticated mortgage agreement which is required to establish legal standing in Florida. *(See Exhibit J)*

39. On April 18, 2025, Newrez responded to Plaintiff's Motion for Production with admissions that they had not filed the original note with the Courts and did not intend to file it until later. (*See Exhibit K*)

40. On July 16, 2025, during the hearing the Defendant was compelled by the Court to produce the original wet-ink promissory note for inspection to the Plaintiff at the attorney's office.

41. The Plaintiff arrived at the attorney's office but was unable to inspect the promissory note due to an emergency that came up with the attorney. I reached out a week later to reschedule and was still unable to inspect the promissory note. (*See Exhibit L*)

42. Plaintiff received a letter on the Defendants letterhead that identifies FNMA New Res MBS 3220400202 as the owner of the loan, yet the Defendant claims authority to enforce the note. (*See Exhibit M*)

43. Plaintiff believes that the mortgage servicer may not be the lawful holder of the note nor entitled to enforce the instrument under Fla. Stat. § 673.3011.

44. After the hearing, the Defendant drafted proposed orders for the Court that were written with language that favors their defense to include verbiage not announced on the record during hearings. (*See Exhibit N*)

45. For example on Defendants "ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS AMENDED COUNTER" this suggested language gives the impression the motion was granted.

46. These orders entered contained language that prejudiced Plaintiff's appellant rights that included terms such as "with prejudice" and "without leave to amend," which were never agreed upon or adjudicated during open court proceedings. (*See Exhibit O*)

47. This practice denied Plaintiff the constitutional right to due process, as she was deprived of notice of the actual terms to be entered and denied fair opportunity to object before the court adopted them as its own.

48. The effect of this conduct was to provide the Defendant with an unfair advantage in litigation while obstructing Plaintiff's access to meaningful appellate review, unlawful deprivation of Plaintiff's property, and denial of Plaintiff's constitutional due process rights.

**Allegations Specific to Brenda D. Forman**

49. As the elected Clerk of Courts, Brenda D. Forman is the constitutional officer responsible for all operations and employees in the Broward County Clerk's Office, including filing procedures, motion intake, and docketing.

50. Ms. Forman failed to ensure consistent and accurate guidance to pro se litigants: Plaintiff visited multiple courthouses (North, West, Central) after being told documents could be filed at any location—but clerks at each site informed me that I had to file documents at the location where the case was filed giving conflicting instructions, causing significant delays.

51. On October 16 and 25, 2024, Plaintiff called the clerk for updates on a motion scheduling. She was misled into believing it was docketed, yet was denied contact with

the assigned Judicial Assistant—despite the office's policy permitting such contact in comparable Circuit Court cases.

52. On November 7, 2024, Plaintiff inquired why her pro se motion was not scheduled for hearing. A clerk told her that the Judicial Assistant was responsible for scheduling motions, but told her that she could not have access to the Judicial Assistant. Later, it was revealed this information was false.

53. On December 13, 2024 around 8am, Plaintiff attempted to file an emergency motion seeking relief before a foreclosure auction. She was first turned away at Central Courthouse and directed to North; upon arriving, she was told to return to Central—resulting in the motion not being filed in time and irreparable harm—her home was sold at auction.

54. On December 26, 2024, I wrote a letter to the attention of Brenda D. Forman to inform her of the misinformation, the lack of urgency, and the run around that I had experienced with her clerks. (*See Exhibit P*)

53. On May 23, 2025, Plaintiff's private property was sold at a foreclosure auction (Reset Sale). Plaintiff promptly visited the Clerk's Office on May 29, 2025, to obtain information regarding the identity of the purchaser in order to serve them in a separate case (Circuit Court Case No. 25-0007743) filed on May 27, 2025, objecting to the fraudulent sale. (*See Exhibit Q*)

*54.* Plaintiff was given a print out of a Certificate of Sale stating "Witness my hand and the seal of the court on May 29, 2025", the day she inquired about the sale and given a number to call on a sticky note. (*See Exhibit R*)

55. Despite it being six days after the auction, the Clerk's Office failed to update case about the sale and purchaser, citing Memorial Day (Monday, May 26) as the reason for the delay. This explanation is inadequate and demonstrates a lack of urgency and responsibility, especially given the time-sensitive nature of Plaintiff's legal filing and the availability of electronic systems.

56. Plaintiff was explicitly told that the Clerk's Office could not release the buyer's information. However, the purchaser's identity was included in the Certificate of Title—a public record that should have been accessible to Plaintiff.

57. This deliberate withholding of information materially impaired Plaintiff's ability to serve the buyer and move forward in her Circuit Court challenge (Case No. 25-0007743), obstructing her access to the courts and undermining her property rights.

58. Furthermore, the Clerk's Office claimed that the Certificate of Title was entered on June 10, 2025. However, Plaintiff later confirmed that the document was not actually filed until June 20, 2025, and it was not recorded in the official public records until July 11, 2025—nearly seven weeks after the auction. (*See Exhibit S*)

59. This prolonged delay in public recordation of a critical legal document constitutes a violation of standard procedural duty and further demonstrates the lack of oversight and failure of timely access under Ms. Forman's supervision.

60. Additionally, the Clerk's Office asserted that there had been no objection filed to the foreclosure sale, which was demonstrably false. Plaintiff had filed a verified objection to the sale in Circuit Court (Case No. 25-0007743) on May 27, 2025.

61. Between June 1 and June 30, 2025, Plaintiff checked on Clerk's Website on multiple occasions, and no purchaser information was available, despite it having been submitted

with the Certificate of Title. These interactions reflect a pattern of systemic delays and misinformation under Defendant Forman's administration.

62. These events demonstrate a pattern of deliberate indifference, misinformation, and procedural obstruction by Clerk's Office staff—all occurring under Ms. Forman's supervision and policy framework.

**Allegations Specific to Youssef Diab**

63. On May 23, 2025, a foreclosure auction was conducted by the Clerk of Court in Broward County pursuant to a judgment entered in Case No. CONO-24-010140, initiated by Delwood West Condominium Association.

64. At the auction, Defendant Youssef Diab purchased the private trust property located at 6191 SW 37th Street #202, Davie, Florida, for $73,200.00.

65. A Certificate of Title was issued to Defendant Diab and recorded on July 11, 2025, despite Plaintiff's active objections and without consideration of her pending federal and constitutional challenges.

66. At the time of this sale, there were two active and recorded lis pendens filed by Defendant NEWREZ LLC D/B/A Shellpoint Mortgage Servicing on or about May 2024 in connection with the ongoing Circuit Court foreclosure case, Case No. CACE-24-007339 and Plaintiff, Natalie White with Circuit Court case for Deprivation of Due Process and Fraudulent Sale of Private Property, Case No. CACE-25-0007743. (*See Exhibit T*)

67. The lis pendens was properly recorded and placed all potential purchasers on notice that title to the property was in dispute and subject to ongoing litigation.

68. The existence of the lis pendens legally destroyed any claim that Defendant Diab is a bona fide purchaser for value without notice.

69. Therefore, the Certificate of Title issued to Defendant Diab is clouded, and title remains subject to adjudication in the pending state and federal cases.

70. Plaintiff seeks declaratory and injunctive relief voiding the Certificate of Title and quieting title in her favor based on the unconstitutional proceedings that led to the sale and the continuing legal defects surrounding the property's ownership.

## VI. CLAIMS FOR RELIEF

## COUNT I – DUE PROCESS VIOLATIONS AGAINST II DELWOOD WEST CONDOMINIUM ASSOCIATION, INC.

71. Plaintiff re-alleges and incorporates by reference the allegations specific to II Delwood West Condominium Association, Inc.

72. Defendant Association knowingly pursued foreclosure in the Small Claims Division, a forum without subject matter jurisdiction over foreclosure proceedings.

73. Defendant Association failed to properly notice and schedule hearings, suppressed Plaintiff's motions, and knowingly pursued foreclosure sales after the lien had expired and after the amount exceeded the statutory cap.

74. These acts deprived Plaintiff of her Fourteenth Amendment right to due process, resulting in the unlawful foreclosure and sale of her property.

75. Plaintiff seeks damages, declaratory relief, and injunctive relief against the Association.

## COUNT II – DUE PROCESS VIOLATIONS AGAINST JUDGE JOHN HURLEY AND JUDICIAL ASSISTANT INGA ALEXEEX

76. Plaintiff re-alleges and incorporates by reference the allegations specific to Judge John Hurley and Inga Alexeev.
77. Defendant Judge Hurley acted in the clear absence of jurisdiction by presiding over and granting foreclosure relief in the Small Claims Division, which lacks authority over foreclosure proceedings.
78. Defendant Hurley permitted opposing counsel to draft orders that included prejudicial language not announced in open court, rubber-stamping them without independent review.
79. Defendant Alexeev failed to schedule Plaintiff's properly & timely filed motions, effectively denying her access to judicial review.
80. Their combined conduct denied Plaintiff notice, an opportunity to be heard, and impartial adjudication, violating the Due Process Clause of the Fourteenth Amendment.
81. Plaintiff seeks damages, declaratory relief, and injunctive relief against Judge Hurley in his official capacity and in his individual capacity and Alexeev in her individual capacity.

## COUNT III – DUE PROCESS VIOLATIONS AGAINST NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING

82. Plaintiff re-alleges and incorporates by reference the allegations specific to Newrez,LLC .
83. Defendant Newrez, LLC pursued foreclosure in circuit court without producing the original promissory note or mortgage agreement and despite conflicting representations of ownership.
84. Newrez, LLC continued prosecuting foreclosure without standing and without resolving the conflict with the association's lien foreclosure.
85. By pursuing foreclosure in these circumstances and drafting orders prejudicial to Plaintiff's appellate rights, Newrez, LLC deprived Plaintiff of due process and meaningful access to the courts.
86. Plaintiff seeks damages, declaratory relief, and injunctive relief against Newrez, LLC.

## COUNT III – DENIAL OF ACCESS TO COURTS AND PROCEDURAL DUE PROCESS AGAINST BRENDA D. FORMAN

87. Plaintiff re-alleges and incorporates paragraphs 27-44.
88. Defendant Forman, acting outside the scope of her duties, allowed or caused systemic misinformation, failure to process time-sensitive filings, failure to follow the foreclosure procedures and denial of access to procedural safeguards.
89. These actions violated Plaintiff's Fourteenth Amendment right to procedural due process, and Florida Constitution Article I, Section 21.
90. Plaintiff suffered loss of property opportunity and emotional distress as a result.

**COUNT IV – QUIET TITLE / DECLARATORY AND INJUNCTIVE RELIEF AGAINST YOUSSEFF DIAB**

91. Plaintiff repeats and re-alleges all paragraphs 45-52.
92. Plaintiff seeks a declaration that the foreclosure judgment, sale, and certificate of title issued to Defendant Diab are void due to fundamental constitutional violations.
93. Defendant Diab, as current holder of record title, asserts or may assert a claim adverse to Plaintiff's interest.
94. Plaintiff requests an order quieting title in her favor and enjoining Defendant Diab from asserting ownership, possession, or transfer rights related to the property.
95. Plaintiff further seeks cancellation of the Certificate of Title recorded in favor of Defendant Diab.

**COUNT V – DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE STATE OF FLORIDA**

96. Plaintiff repeats and re-alleges all prior paragraphs.
97. Plaintiff seeks future injunctive and declaratory relief against the State of Florida to remedy the systemic constitutional violations occurring through its agents, officers, and judicial officers.
98. Through the Broward County Clerk of Court's Office, judicial officials acting under the authority of the 17th Judicial Circuit, and licensed law firms and debt collectors acting under state authority, the State of Florida has fostered an environment where due process is routinely denied in foreclosure matters.
99. Plaintiff's emergency motion was rejected at the counter of the Clerk of Court's office, resulting in denial of timely judicial review prior to the issuance of a void Certificate of Title.
100.      At the time of the auction, Plaintiff's property was also the subject of an active lis pendens filed by NEWREZ LLC and Plaintiff, Natalie White, creating jurisdictional conflicts that state officials failed to address or resolve.
101.      Judge John Hurley denied Plaintiff's properly filed jurisdictional challenge without an evidentiary hearing and proceeded to enter orders in a matter over which the court lacked subject matter jurisdiction.
102.      These actions, combined with the refusal of the Clerk's Office to docket Plaintiff's motions, and the authorization of title transfer despite unresolved litigation, resulted in a deprivation of Plaintiff's fundamental property rights and access to courts.
103.      Plaintiff seeks a declaration that the foreclosure proceedings and resulting sale are void for violation of the United States Constitution and Florida Constitution.
104.      Plaintiff also seeks an injunction ordering the State of Florida and its agents to: **A**. Rescind and void the Certificate of Title; B. Stay all further foreclosure actions involving the subject property pending final adjudication of this case; **C**. Refrain from denying any future filings by Plaintiff that comply with court procedures.
105.      This relief is necessary to prevent ongoing and future harm.
106.      Plaintiff does not seek monetary relief from the State of Florida at this time.

**VII. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against all Defendants as follows:

1. Compensatory Damages: An award of not less than $100,000 for financial injury caused by Defendants' unlawful actions, including but not limited to: litigation expenses, costs incurred defending void foreclosure proceedings, damage to Plaintiff's credit, and loss of access to clear and marketable title to her property.
2. Non-Economic Damages: An award of not less than $500,000 for emotional distress, mental anguish, health impacts, reputational harm, and loss of peace of mind resulting from the ongoing threat of displacement from Plaintiff's home and the deprivation of due process protections.
3. Punitive Damages: An award of not less than $1,500,000 against the individual and private Defendants to punish their reckless disregard of Plaintiff's constitutional rights and to deter similar misconduct in future foreclosure actions.
4. Declaratory Judgment: A declaration that:
   o The foreclosure judgment entered in small claims court is void for lack of jurisdiction;
   o The foreclosure sales and resulting Certificate of Title are null and void;
   o Plaintiff remains the lawful owner and trustee of the subject property.
5. Injunctive Relief:
   o Enjoining enforcement of the foreclosure judgment, sale, or any writ of possession against Plaintiff;
   o Voiding the Certificate of Title issued to Defendant Youssef Diab;
   o Quieting title in favor of Plaintiff, Natalie White in her individual capacity and as Trustee of the Natalie Nicolette White Irrv Living Trust;
   o Prohibiting further foreclosure actions against the property unless lawfully filed in a court of competent jurisdiction with proper statutory compliance.
6. Quiet Title: An order quieting title to the subject property in Plaintiff's favor and removing all clouds created by the foreclosure action, sale, or Certificate of Title.
7. Any further relief this Court deems just and proper.

**John 8:32**

Respectfully submitted this 30th day of September 2025,

By: /s/ _____
Natalie White, Pro Se Plaintiff
Trustee of the Natalie Nicolette White Irrv Living Trust
3850 S. University Dr #292734 Davie, FL 33329
Phone: (754) 281-2619
Email: nwhite0525@gmail.com